NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID E. EDWARDS, | No. 17-16019 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02218-JAM-DB |
| v. | |
| GARY SWARTHOUT, Warden, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 7, 2022
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

California state prisoner David Edwards appeals from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that Warden Gary

Swarthout violated his constitutional rights by temporarily imposing restrictions on

white inmates in July 2010 and February 2011. We have jurisdiction under 28

U.S.C. § 1291. We review the district court's grant of summary judgment de novo,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), and affirm in part, vacate in part, and remand.

1.      The district court properly granted summary judgment on Edwards's claims related to the February 2011 restrictions because Edwards did not exhaust available administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85, 90–91 (2006); *Ross v. Blake*, 578 U.S. 632, 639–40 (2016). Edwards argues that filing a separate administrative appeal regarding the February 2011 restrictions would have resulted in summary dismissal. But that argument is foreclosed by the principle that "as long as *some* action can be ordered in response" to a prisoner's grievance, he has not yet exhausted administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005). We will not read futility or other exceptions into the exhaustion requirements of § 1997e(a). *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).[1]

2.      The district court properly granted summary judgment on Edwards's Eighth Amendment claim because Edwards failed to raise a genuine dispute of material fact regarding whether Swarthout was deliberately indifferent to Edwards's health

---

[1] We decline to consider Swarthout's argument that Edwards's claims are barred by claim preclusion, as he did not raise that argument before the district court and the district court did not consider it. *See CarePartners, LLC v. Lashway*, 545 F.3d 867, 879 n.8 (9th Cir. 2008); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (as amended).

or safety. *See Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980); *Noble v. Adams*, 646 F.3d 1138, 1147–48 (9th Cir. 2011) (as amended); *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A] temporary denial of outdoor exercise with no medical effects is not a substantial deprivation.").

3.      The district court properly granted summary judgment on Edwards's due process claim because Edwards failed to raise a genuine dispute of material fact concerning whether the restrictions imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–86 (1995); *see Hayward*, 629 F.2d at 601–03.

4.      The district court improperly granted summary judgment on Edwards's equal protection claim. An "express racial classification," like the one here, "is immediately suspect" and subject to strict scrutiny. *Johnson v. California*, 543 U.S. 499, 509 (2005). Swarthout was therefore required to "demonstrate that any race-based policies are narrowly tailored" to "address the compelling interest in prison safety." *Id.* at 514. That is, Swarthout "had to show that reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances and that the racial classification was the least restrictive alternative (*i.e.*, that any race-based policies are narrowly tailored to legitimate prison goals)." *Richardson v. Runnels*, 594 F.3d 666, 671 (9th Cir. 2010) (as amended).

Swarthout presented insufficient evidence to establish a link between the individuals who perpetrated the incidents at issue and the risk of violence from all white inmates. Swarthout's statement in his declaration that other white inmates could "potentially" have been involved in the incident does not constitute evidence of a linkage between the two white inmates who perpetrated the assault and all other white inmates. *See id.* at 671–72 (concluding that it was insufficient "for prison officials simply to believe there to be a link between an individual incident perpetrated by one or two inmates, and the risk of violence from all the [prisoners of one race] in Facility D, with no evidentiary basis whatever indicated for that belief"). Therefore, Swarthout did not carry his burden for summary judgment on Edwards's equal protection claim. We decline to reach qualified immunity because the issue was not addressed by the district court. *See id.* at 672.

We therefore vacate the judgment in part and remand for further proceedings on the equal protection claim only. On remand, the district court may consider alternate bases for summary judgment and order supplemental briefing.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**